## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRYSTEL WILSON, Administratrix of** | ) | CASE NO. |
| **The Estate of LOUIS ANTHONY MELTON,** | ) | |
| **DECEASED** | ) | |
| **Cleveland, OH** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **GEISINGER HEALTH SYSTEM** | ) | COMPLAINT |
| **100 N. Academy Avenue** | ) | |
| **Danville, PA   17822-3021** | ) | **Trial by Jury Demanded** |
| | ) | |
| **And** | ) | |
| | ) | |
| **GEISINGER MEDICAL CENTER** | ) | |
| **100 N. Academy Avenue** | ) | |
| **Danville, PA   17822-3021** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **GEISINGER CLINIC** | ) | |
| **100 N. Academy Avenue** | ) | |
| **Danville, PA  17822-3021** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **MARTHA FERNE SHOWALTER, M.D.** | ) | |
| **100 North Academy Avenue** | ) | |
| **Danville, PA** | ) | |
| | ) | |
| **And** | ) | |
| | ) | |
| **STEVEN R. BONEBRAKE, M.D.** | ) | |
| **100 North Academy Avenue** | ) | |
| **Danville, PA  17822-3021** | ) | |
| | ) | |

**And**                                        )
                                               )
**KEVIN FREDERICK, M.D.**                      )
**100 North Academy Drive**                    )
**Danville, PA  17822-3021**                   )
                                               )
    **And**                 )
                                               )
**ROBERT P. GARVIN, M.D.**                     )
**100 North Academy Avenue**                   )
**Danville, PA  17822-3021**                   )
                                               )
    **And**                 )
                                               )
**AARON GARCILLANO ILANO, M.D.**               )
**5401 Old York Road**                         )
**Klein Suite 1001**                           )
**Philadelphia, PA  19141**                    )
                                               )
    **And**                 )
                                               )
**TAMARA T. MYERS, M.D.**                      )
**100 North Academy Avenue**                   )
**Danville, PA  17822-3021**                   )
                                               )
    **And**                 )
                                               )
**KEROLOS RAMSIS YOUSEF, M.D.**                )
**100 North Academy Avenue**                   )
**Danville, PA  17822-3021**                   )
                                               )
    **Defendants**          )

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, as complete diversity exists between Plaintiff and Defendants.  Plaintiff is a resident of the State of Ohio, and Defendants are residents and/or incorporated in the State of Pennsylvania.  The amount in controversy exceeds SEVENTY-FIVE THOUSAND ($75,000.00) DOLLARS, exclusive of interests, costs, and attorney fees.

2.      Venue is proper within this district and division pursuant to 28 U.S.C. § 1391, as a substantial number of events, actions or omissions giving rise to Plaintiff's claims occurred in this district.  At all times relevant herein, Defendants are situated in this district.

## PARTIES

3.      Plaintiff Krystel Wilson is the daughter of the decedent, Louis Anthony Melton.

4.      Decedent, Louis Anthony Melton, resided at 1388 W. 95th Street, Cleveland, Ohio, at the time of his death on January 16, 2016.

5.      Plaintiff Krystel Wilson is the duly appointed Administratrix of the Estate of Louis Anthony Melton, having been so appointed on May 18, 2016, by the Probate Court of Cuyahoga County, Ohio, Case No. 2016EST215463.

6.      Plaintiff brings this action on behalf of the Estate of Louis Anthony Melton, deceased, and the statutory beneficiaries thereof, under and by virtue of the laws and statutes of the Commonwealth of Pennsylvania applicable to Survival and Wrongful Death Actions.

7.      At all times herein relevant, Defendants GEISINGER HEALTH SYSTEM, GEISINGER MEDICAL CENTER and GEISINGER CLINIC are/or were corporations or other legal entities, duly registered under the laws and statutes of the Commonwealth of Pennsylvania to provide medical services by and through its agents, ostensible agents, servants, employees and/or shareholders and, upon information and belief, maintain a place of business at the address set forth in the caption.  Plaintiff is asserting a vicarious liability claim against these Defendants based upon professional liability claims against:   (a) Defendants MARTHA FERNE SHOWALTER, M.D., STEVEN R. BONEBRAKE, M.D., KEVIN FREDERICK, M.D., ROBERT P. GARVIN, M.D., AARON GARCILLANO ILANO, M.D., KEROLOS RAMSIS

YOUSEF, M.D., and TAMARA T. MYERS, M.D., and (b) to the extent that an actual and/or ostensible agency and/or employment relationship is established during litigation of this matter, emergency department personnel, physicians and nurses who provided care and treatment to Louis Anthony Melton.

8.      At all times relevant herein, Defendants MARTHA FERNE SHOWALTER, M.D., STEVEN R. BONEBRAKE, M.D., KEVIN FREDERICK, M.D., ROBERT P. GARVIN, M.D., AARON GARCILLANO ILANO, M.D., TAMARA T. MYERS, M.D., and KEROLOS RAMSIS YOUSEF, M.D., are or were physicians licensed to practice medicine in the Commonwealth of Pennsylvania and, upon information and belief, each maintain a place of business and/or residence at the address set forth in the caption.  Plaintiff is asserting professional liability claims against each of these Defendants.

9.      Upon information and belief, Defendants GEISINGER HEALTH SYSTEM, GEISINGER MEDICAL CENTER and GEISINGER CLINIC are related corporate and/or other legal entities and/or exist under the corporate umbrella and/or structure of Defendant GEISINGER HEALTH SYSTEM.  These Defendants will collectively be referred to herein as "the GEISINGER Defendants".

10.      At all times herein relevant, Defendants MARTHA FERNE SHOWALTER, M.D., STEVEN R. BONEBRAKE, M.D., KEVIN FREDERICK, M.D., ROBERT P. GARVIN, M.D., AARON GARCILLANO ILANO, M.D., TAMARA T. MYERS, M.D., AND KEROLOS RAMSIS YOUSEF, M.D., were working within the course and scope of their employment as agents, ostensible agents, servants, employees and/or shareholders of the GEISINGER Defendants, and by virtue thereof, the GEISINGER Defendants is and/or are vicariously liable for the negligence of Defendants MARTHA FERNE SHOWALTER, M.D., STEVEN R.

4

BONEBRAKE, M.D., KEVIN FREDERICK, M.D., ROBERT P. GARVIN, M.D., AARON GARCILLANO ILANO, M.D., TAMARA T. MYERS, M.D., AND KEROLOS RAMSIS YOUSEF, M.D., and any and all injuries and damages proximately caused thereby.

11.     At all times herein relevant, the GEISINGER Defendants employed and/or contracted with radiologists, nurses and/or other personnel to provide various services to patients in GEISINGER MEDICAL CENTER, Danville, PA, and the GEISINGER Defendants is and/or are vicariously liable for the negligence of those employees and any and all injuries and damages proximately caused thereby.


## FACTUAL BACKGROUND

12.     On January 12, 2016, Louis Anthony Melton presented to the emergency department of GEISINGER at the GEISINGER MEDICAL CENTER, Danville, Pa., with complaints of severe and sudden abdominal pain and nausea.

13.     A physical exam was performed in the emergency department and, among other things, a CT of Mr. Melton's abdomen and pelvis, with contrast, was ordered due to a concern for acute mesenteric ischemia, which is a life-threatening condition.

14.     The CT was interpreted by Defendant MARTHA FERNE SHOWALTER, M.D., who discussed her findings with Defendant STEVEN R. BONEBRAKE, M.D.  A report was subsequently issued stating "Findings suspicious for at least partially occlusive plaque or thrombus in the distal superior mesenteric artery".

15.     The laboratory blood work ordered in the emergency department, showed that Mr. Melton had an elevated WBC and elevated lactic acid.  His blood pressure was also elevated.

16.     While Mr. Melton was still in the emergency department, he was examined by Defendant ROBERT P. GARVIN, M.D., who was and is a vascular surgeon.  The medical records state that Defendant DR. GARVIN reviewed the emergency department CT on January 12, 2016, and determined that no surgical intervention was indicated.  Defendant DR. GARVIN did not order any further radiology tests.

17.     Mr. Melton was also examined by Defendant TAMARA T. MYERS, M.D., a general surgeon, while he was still in the emergency department.  The medical records state that Defendant MYERS reviewed the emergency department CT on January 12, 2016.  Defendant MYERS did not order any further radiology tests.

18.     Mr. Melton was admitted as an inpatient to Defendant GEISINGER MEDICAL CENTER.  During his admission, he was under the care of Defendant DR. ROBERT P. GARVIN and DR. AARON GARCILLANO ILANO, DR. TAMARA T. MYERS and DR. KEROLOS RAMSIS YOUSEF.  He was treated with anticoagulation therapy and was to be closely followed with serial abdominal examinations to watch for any peritoneal signs.

19.     Mr. Melton continued to experience abdominal pain, noted to be out of proportion to his presentation on examination, the classic hallmark of acute mesenteric ischemia.  His WBC's continued to be elevated.  He exhibited signs and symptoms of impending bowel infarction.

20.     On January 13, 2016, in additional to abdominal pain, he developed intractable hiccups.  He complained that any liquid caused his throat and abdomen to hurt.  Defendant TAMARA T. MYERS, M.D. ordered a CXR and KUB to look for diaphragm irritants and stomach distension.

21.     The CXR and KUB were completed on January 14, 2016.  The CXR reported a new finding of "prominent gas-filled loops of bowel in the upper abdomen".    The KUB noted ". . . a few loops of small bowel in the right abdomen, demonstrating wall thickening."  These results indicated that Mr. Melton had the onset of an ischemic bowel.

22.     Despite Mr. Melton's physical symptoms and the findings of the CXR and KUB, no surgical intervention or other action was taken.

23.     On January 15, 2016, Mr. Melton was demonstrating definitive signs of peritonitis and still no intervention was attempted and, in fact, Mr. Melton was asking to be discharged to the Cleveland Clinic, Cleveland, Ohio, when he collapsed with an acute hemorrhage.  He was stabilized and taken to the operating room for exploratory surgery where they found he had a necrotic bowel to an extent that was inconsistent with life.

24.     Mr. Melton passed away on January 16, 2016, as a result of ischemic bowel which caused cardiac arrest and respiratory failure.  An autopsy revealed dissection of the superior mesenteric artery wall with hemorrhage and organizing blood clot.

25.     Certificates of Merit as to each Defendant named herein have been filed contemporaneously with this Complaint as required by Rule 1042.3 of the Pennsylvania Rules of Civil Procedure.

## COUNT I – SURVIVAL CLAIM

### (Defendants Showalter and Bonebrake)

26.     Plaintiff incorporates herein by reference all of the preceding allegations as though fully rewritten below.

27.    Defendants MARTHA FERNE SHOWALTER, M.D. and STEVEN R. BONEBRAKE, M.D. had a professional duty to provide medical care and treatment to Mr. Melton in accordance with the standard of care applicable in their field of medicine.

28.    Defendant MARTHA FERNE SHOWALTER, M.D., and STEVEN R. BONEBRAKE, M.D. failed to provide medical care and treatment to Mr. Melton in accordance with the standard of care in their field of medicine including but not limited to the following ways:

    a.    By failing to correctly interpret the emergency department CT of the abdomen and pelvis on January 12, 2016, specifically, failing to note the presence of a dissection;

    b.    By failing to advise the ordering physicians that the emergency department CT was not the proper test for determining the adequacy of blood flow through the superior mesenteric artery to the small bowel;

    c.    By failing to recommend to the ordering physicians that a CTA should be ordered since they were unable to determine whether the occlusion was complete or partial;

    d.    By reporting their interpretation of the CT study in a manner which misled the physicians as to the nature and extent of the injury to the superior mesenteric artery;

29.    As a direct and proximate result of the aforementioned negligence of Defendants MARTHA FERNE SHOWALTER, M.D. and STEVEN R. BONEBRAKE, M.D., Mr. Melton was caused to suffer, among other things, severe physical pain and suffering, mental anguish and upset, and such other damages as are permitted by law, from the time of the negligence of Defendants SHOWALTER and BONEBRAKE on January 12, 2016, upon and through and until his untimely and wrongful death on January 16, 2016.

30.    As a direct and proximate result of the aforementioned negligence of Defendants SHOWALTER and BONEBRAKE, Mr. Melton and/or a third party medical benefits provider was caused to incur medical expenses for extensive medical care and treatment from the time of

their negligence on January 12, 2016, upon through and until Mr. Melton's wrongful death on January 16, 2016.

31.    The   aforementioned   negligence   of   Defendants   SHOWALTER   and BONEBRAKE increased the risk of harm to Mr. Melton and/or decreased his chances of survival.

32.    The   aforementioned   negligence   of   Defendants   SHOWALTER   and BONEBRAKE combined with the negligence of one or more of the other Defendants named hereto to directly and proximately cause the injuries and damages described herein.

33.    As previously stated herein, the GEISINGER Defendants is and/or are vicariously liable for the negligence of Defendants SHOWALTER and BONEBRAKE, and any and all injuries and damages proximately caused thereby.

WHEREFORE, Plaintiff respectfully demands damages against Defendants MARTHA FERNE SHOWALTER, M.D., STEVEN R. BONEBRAKE, M.D. and the GEISINGER Defendants, on Count I in excess of $75,000.00 plus interest, costs and attorney fees.

## COUNT II – SURVIVAL CLAIM

### (Defendants Garvin and Ilano)

34.    Plaintiff incorporates herein by reference all of the proceeding allegations as though fully rewritten below.

35.    Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D. had a professional duty to provide medical care and treatment to Mr. Melton in accordance with the standard of care applicable in his field of medicine.

36.     Defendants ROBERT P.GARVIN, M.D. and AARON GARCILLANO ILANO, M.D. failed to provide medical care and treatment to Mr. Melton in accordance with the standard of care in their field of medicine including but not limited to the following ways:

a.      By failing to properly review the emergency department CT and the related report of Mr. Melton's abdomen and pelvis;

b.      By failing to order further testing to determine the true nature and extent of Mr. Melton's superior mesenteric artery occlusion;

c.      By failing to order a CTA to determine the nature and extent of injury to and the adequacy of blood flow through the superior mesenteric artery;

d.      By failing to recommend surgical intervention and/or endovascular therapy to treat Mr. Melton's acute mesenteric ischemia;

e.      By failing to monitor and respond to signs and symptoms of Mr. Melton's declining condition;

f.      By causing unnecessary and critical delay in the diagnosis and treatment of Mr. Melton's acute mesenteric ischemia.

37.     As a direct and proximate result of the aforementioned negligence of Defendants ROBERT P. GARVIN, M.D, and AARON GARCILLANO ILANO, M.D., Mr. Melton was caused to suffer, among other things, necrosis of the small bowel and ischemia of the right colon, cardiac arrest and, ultimately, his untimely and wrongful death.

38.     As a direct and proximate result of the aforementioned negligence of Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., Mr. Melton was forced to undergo extensive medical and surgical care and treatment prior to his death.

39.     As a direct and proximate result of the aforementioned negligence of Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., Mr. Melton was caused to suffer, among other things, severe physical pain and suffering, mental anguish and upset, and such other damages as are permitted by law, from the time of the negligence of

Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., on January 12, 2016, up and through his untimely and wrongful death on January 16, 2016.

40.     As a direct and proximate result of the aforementioned negligence of Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., Mr. Melton was caused to incur medical expenses for extensive medical care and treatment from the time of the negligence of these Defendants on January 12, 2016, up through and until his untimely and wrongful death on January 16, 2016.

41.     The aforementioned negligence of Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., increased the risk of harm to Mr. Melton and/or decreased his chances of survival.

42.     The aforementioned negligence of Defendants ROBERT PO. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., combined with the negligence of one or more of the other Defendants named herein to directly and proximately cause the injuries and damages described herein.

43.     As previously stated herein, the GEISINGER Defendants is/or are vicariously liable for the negligence of Defendants ROBERT P. GARVIN, M.D. AND AARON GARCILLANO ILANO, M.D., and any and all injuries and damages proximately caused thereby.

WHEREFORE, Plaintiff respectfully demands damages against Defendants ROBERT P. GARVIN, M.D. and AARON GARCILLANO ILANO, M.D., and the GEISINGER Defendants, in Count II in excess of $75,000.00, plus interest, costs and attorney fees herein.

<u>**COUNT III – SURVIVAL CLAIM**</u>

**(Defendants Myers and Yousef)**

44.     Plaintiff incorporates herein by reference all of the preceding allegations as though fully rewritten below.

45.     Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., had a professional duty to provide medical care and treatment to Mr. Melton in accordance with the standard of care applicable in their field of medicine.

46.     Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, failed to provide medical care and treatment to Mr. Melton in accordance with the standard of care in their field of medicine including but not limited to the following ways:

    a.     By failing to properly review the emergency room CT and its related report of Mr. Melton's abdomen and pelvis;

    b.     By failing to order further testing to determine the nature and extent of Mr. Melton's superior mesenteric artery occlusion;

    c.     By failing to order a CTA to determine the nature and extent of the occlusion of Mr. Melton's superior mesenteric artery and the adequacy of blood flow through that vessel;

    d.     By failing to act upon findings reported in 1/14 KUB;

    e.     By failing to recommend surgical intervention or endovascular intervention to treat Mr. Melton's acute mesenteric occlusion;

    e.     By failing to monitor and recognize signs of Mr. Melton's continual decline;

    f.     By causing unnecessary and critical delay in the recognition and treatment of Mr. Melton's acute mesenteric ischemia.

47.     As a direct and proximate result of the aforementioned negligence of Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., Mr. Melton was caused to suffer, among other things, a bowel obstruction, necrosis of the small bowel and right colon, cardiac arrest and, ultimately, his untimely and wrongful death on January 16, 2016.

12

48.     As a direct and proximate result of the aforementioned negligence of Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., Mr. Melton was forced to undergo extensive medical and surgical care and treatment, thereby incurring substantial medical expenses.

49.     As a direct and proximate result of the aforementioned negligence of TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., Mr. Melton was caused to suffer, among other things, severe physical pain and suffering, mental anguish and such other damages as are permitted by law, from the time of Defendant TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., negligence on January 12, 2016, up through and until his untimely and wrongful death on January 16, 2017.

50.     As a direct and proximate result of the aforementioned negligence of Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., Mr. Melton and/or third-party medical benefits provider was caused to incur medical expenses for extensive medical care and treatment from the time of the negligence of Defendant TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., on January 12, 2016, up through and until his untimely and wrongful death on January 16, 2016.

51.     The aforementioned negligence of Defendant TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., increased the risk of harm to Mr. Melton and/or decreased his chances of survival.

52.     The aforementioned negligence of Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., combined with the negligence of one or more of the other Defendants named hereto to directly and proximately cause the injuries and damages described herein.

53.     As previously stated herein, the GEISINGER Defendants are vicariously liable for the negligence of Defendants TAMARA T. MYERS, M.D. and KEROLOS RAMSIS YOUSEF, M.D., and any and all injuries and damages proximately caused thereby.

WHEREFORE, Plaintiff respectfully demands damages against Defendants TAMARA T. MYERS, M.D., KEROLOS RAMSIS YOUSEF, M.D. and the GEISINGER Defendants, on Count III in excess of $75,000.00 plus interest, costs and attorney fees.

## COUNT IV – SURVIVAL CLAIM

### (Defendant Kevin Frederick)

54.     Plaintiff incorporates herein by reference all of the preceding allegations as though fully rewritten below.

55.     Defendant KEVIN FREDERICK, M.D. had a duty to provide medical care and treatment to Mr. Melton in accordance with the standard of care in his field of medicine.

56.     Defendant KEVIN FREDERICK, M.D. failed to provide medical care and treatment to Mr. Melton in accordance with the standard of care in his field of medicine including but not limited to the following ways:

   a.     Failing to detect or diagnose a dissection in the superior mesenteric artery in the 1/12/16 CT, which he reviewed in comparison to the 1/14/16 KUB;

   b.     Failing to identify the life-threatening changes in Mr. Melton's bowel as revealed in the 1/14/16 CXR and KUB, particularly in light of the 1/12/16 CT results;

   c.     Failing to notify Mr. Melton's physicians that the 1/14/16 KUB revealed bowel wall thickening indicating ischemic bowel.

57.     As a direct and proximate result of the aforementioned negligence of Defendant KEVIN FREDERICK, M.D. Mr. Melton was caused to suffer, among other things, necrosis of

the small bowel and right colon and cardiac arrest and, ultimately, his untimely and wrongful death.

58.     As a direct and proximate result of the aforementioned negligence of KEVIN FREDERICK, M.D., Mr. Melton was forced to undergo extensive medical and surgical care and treatment, thereby incurring substantial medical expenses.

59.     As a direct and proximate result of the aforementioned negligence of Defendant KEVIN FREDERICK, M.D., Mr. Melton was caused to suffer, among other things, severe physical pain and suffering, mental anguish and upset and such other damages as are permitted by law, from the time of the negligence of Defendant KEVIN FREDERICK, M.D. on January 14, 2016, up to and until his untimely and wrongful death on January 26, 2016.

60.     As a direct and proximate result of the aforementioned negligence of Defendant KEVIN FREDERICK, M.D., Mr. Melton and/or a third-party medical benefits provider was caused to incur medical expenses for extensive medical care and treatment from the time of the negligence of Defendant KEVIN FREDERICK, M.D. on January 14, 2016, up through and until his untimely and wrongful death on January 16, 2016.

61.     The aforementioned negligence of Defendant KEVIN FREDERICK, M.D. increased the risk of harm to Mr. Melton and/or decreased his chances of survival.

62.     The aforementioned negligence of Defendant KEVIN FREDERICK, M.D. combined with the negligence of one or more of the other Defendants named herein to directly and proximately cause the injuries and damages described herein.

63.     As previously stated herein, the GEISINGER Defendants are vicariously liable for the negligence of Defendant KEVIN FREDERICK, M.D. and any and all injuries and damages proximately caused thereby.

WHEREFORE, Plaintiff respectfully demands damages against Defendants KEVIN FREDERICK, M.D. on Count IV in excess of $75,000.00, plus interest, costs and attorney fees herein.

## COUNT V – WRONGFUL DEATH

### (All Defendants Named Herein)

64.     Plaintiff incorporates herein by reference all of the preceding allegations as though fully rewritten below.

65.     As a direct and proximate result of the aforementioned negligence of all Defendants named herein, Mr. Melton died an untimely and wrongful death on January 16, 2016, and he has left individuals entitled by the laws and statutes of the Commonwealth of Pennsylvania to recover damages by virtue of his untimely and wrongful death.

66.     By reason of the untimely and wrongful death of Mr. Melton, Plaintiff has suffered such losses as are permitted by law for recovery, including funeral expenses, medical expenses, financial losses and other expenses of the administration of his estate.

67.     The statutory beneficiaries of the Estate of Louis Anthony Melton, deceased, have suffered the loss of Mr. Melton's society and comfort, friendship, guidance, love, tutelage, affection, services, support and other damages as are recoverable under the Wrongful Death Act of the Commonwealth of Pennsylvania.

68.     The aforementioned negligence of all Defendants named herein combined together to directly and proximately cause the injuries and damages described herein.

WHEREFORE, Plaintiff respectfully demands damages from all named Defendants on Count V in excess of $75,000.00, interest, costs and attorney fees herein.

## JURY DEMAND

A trial by jury is hereby demanded in the within matter.

Respectfully submitted,

*/s/ Gregory S. Scott* - **(Pro Hac Vice Petition Forthcoming)**
**GREGORY S. SCOTT (#0067255)**
**Lowe Eklund Wakefield Co., L.P.A.**
610 Skylight Office Tower
1660 West Second Street
Cleveland, Ohio  44113-1454
(216) 781-2600 Phone
(216) 781-2610 Fax
Gscott@lewlaw.com


*/s/ Norman A. Moses* – **(Pro Hac Vice Petition Forthcoming)**
**NORMAN A. MOSES (#72866)**
**100 Marwood Circle**
**Boardman, OH 44512**
**(330) 952-3900 Phone**
**(330) 953-2949 Fax**
**norm@nmoseslaw.com**


**JAIME JACKSON (#80448)**
**Atlee Hall**
**415 North Duke Street**
**Lancaster, PA  17602**
**(717) 393-9596**
**jdjackson@atleehall.com**

Attorneys for Plaintiff